In the Matter of the Application of the CITY OF NEW YORK, Appellant, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose, to the Real Property Required for the Opening and Extending of Northern Boulevard (Broadway-Jackson Avenue) from Auburndale (Cemetery) Lane to the Easterly Boundary Line of the City of New York, Subject to the Rights, if Any, of the New York and North Shore Traction Company, in the Borough of Queens, City of New York, as Amended, etc. McCLENAHAN REALTY CO., INC., and Others. Respondents.* — Order denying motion for a review of the taxation of certain items of costs and disbursements affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Hagarty, Scudder and Davis, JJ., concur.

In the Matter of the Application and Petition of the CITY OF NEW YORK, Respondent, to Acquire Certain Real Estate at Mohansic Lake and Little Mohansic Lake in the Town of Yorktown, Westchester County, New York, under the Greater New York Charter and Pursuant to Chapter 543 of the Laws of 1925 to Be Acquired for the Sanitary Protection of the Water Supply of the City of New York. Claim of NATHAN TEKULSKY, Appellant.— Order unanimously affirmed, with costs to respondent. No opinion. Present — Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ.

In the Matter of the Application of FRANK W. ECKELS, as an Executor, etc., of FRANK ELLER, Respondent, for a Certiorari Order against HARRIS H. MURDOCK and Others, Constituting the Board of Standards and Appeals, Appellants. FRED TEICHMANN and Others, Intervenors, Appellants.† — Order modified so as to provide that when circumstances so change, by development of the neighborhood, that the property in question is reasonably susceptible of being applied to a conforming use, then, upon the application of the authorities or any one interested, the gasoline station must be removed. As so modified, the order is affirmed, with costs to respondent. (People ex rel. St. Albans-S. Corp. v. Connell, 257 N. Y. 73.) Lazansky, P. J., Hagarty and Tompkins, JJ., concur; Kapper and Carswell, JJ., dissent and vote to reverse and to dismiss the certiorari order and to reinstate the determination of the board of standards and appeals denying a variance, being of opinion that the determination of the board of standards and appeals was within its sound discretion and was not arbitrary; and are also of the opinion that there was no showing before the board of standards and appeals that a fair and reasonable return, under a conforming use, could not be had. The Zoning Law was not designed to permit a trial de novo before the Supreme Court or its referee upon an issue on which the board of standards and appeals was not given an opportunity to determine. We are also of opinion that the sole issue to be determined by the court at Special Term, or by the referee, was whether the board of standards and appeals acted arbitrarily. The finding of the referee that a " gasoline station, if erected on the petitioner's property, can be more profitably conducted than any conforming use," is not a basis for a variance. Fully developed property and neighborhood such as are here involved do not come within the limited use permitted, in the circumstances there shown, in People ex rel. St. Albans-S. Corp. v. Connell (257 N. Y. 73).